IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

DEREK M. CHANDLER,
    Plaintiff,

    v.
                                    Civil No. 3:22cv501 (DJN)

CORIZON HEALTH, *et al.*,
    Defendants.

## MEMORANDUM OPINION

Plaintiff, Derek M. Chandler, proceeding *pro se*, has requested that the Court remand this matter back to state court. (Motion for Remand (ECF No. 5).)[1] Defendants Jackson and Gay have failed to respond to the Motion for Remand.[2] As explained below, the Motion for Remand will be GRANTED.[3]

## I. PROCEDURAL HISTORY

On February 16, 2022, Chandler, a former resident of the Chesterfield County Jail, filed a federal civil rights action in this Court pursuant to 42 U.S.C. § 1983.[4] (Complaint, *Chandler v. Maymard*, No. 3:22cv94 (E.D. Va. Feb. 16, 2022) (ECF No. 2).) In that action, Chandler

---

[1]    The Court utilizes the pagination employed by the CM/ECF docketing system.

[2]    Defendant Corizon Health has not yet been served.

[3]    The Court dispenses with oral argument, because the materials before it adequately present the facts and legal contentions, and argument would not aid in the decisional process.

[4]    Defendants may not have been previously aware of that action, because, until recently, the Court was conducting an initial evaluation of Chandler's Particularized Complaint, as required by the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. §§ 1915(e)(2) and 1915A. On October 31, 2022, the Court authorized service of process in that action. At present, it appears that some parties still may not have been served.

alleges, *inter alia*, that Defendants Jackson, Gay and Corizon Health violated his Eighth Amendment[5] rights by denying him adequate medical care following an incident on November 16, 2021, in which he suffered chemical burns to his head, face, and neck after a caustic substance spilled on him while working at the jail. (Particularized Complaint, *Chandler v. Maymard*, No. 3:22cv94 (E.D. Va. Aug. 19, 2022) (ECF No. 26) at 1, 4.)

On May 17, 2022, Chandler filed a separate action in the Chesterfield County Circuit Court ("Circuit Court") involving the same November 16, 2021 incident in which he was burned on his head, face, and neck by a caustic substance. (Complaint (ECF No. 1-2).) However, in his state-court pleadings, Chandler alleges that his claims are based on negligence and medical malpractice. (*Id.* at 2, 7, 11, 12.)

On July 18, 2022, Defendant Jackson removed Chandler's state court action to this Court, claiming that it involved a federal question. (ECF No. 1, at 2.) In support of her position, Defendant Jackson points to an attachment to Chandler's Complaint in which he references the Eighth Amendment. (*See id.*)

On August 3, 2022, Chandler filed his Motion for Remand, in which he specifically disavows "suing [the] defendants for civil rights violation in state Circuit C[our]t." (ECF No. 5, at 1.) Chandler posits that because he has already filed a § 1983 civil rights action in this Court, which is currently pending, and which involves the same facts, removal is "unnecessary." (*Id.* at 2.) Chandler reiterates that the action that he filed in the Circuit Court is based only on theories of negligence and malpractice. (*Id.*)

Neither Defendant Jackson, nor Gay have responded to the Motion for Remand.

---

5       "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

2

## II. ANALYSIS

Removal is governed by 28 U.S.C. § 1441, which provides in relevant part:

> Except as otherwise provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

"Because removal jurisdiction raises significant federalism concerns," the United States Court of Appeals for the Fourth Circuit has concluded that district courts "must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)). Consequently, "[i]f federal jurisdiction is doubtful, a remand is necessary." *Id.* (citations omitted).

In this instance, jurisdiction is doubtful at best. Although Chandler's state court complaint *could* be read as stating a claim under Federal law, that is not the exclusive, or even the most plausible interpretation of his allegations, and Chandler has since clarified otherwise. *See Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (citations omitted) ("A plaintiff's right to relief for a given claim necessarily depends on a question of federal law only when *every* legal theory supporting the claim requires the resolution of a federal issue.") In the context of removal jurisdiction, the liberal construction that courts are obliged to afford *pro se* pleadings "means respecting Plaintiff's oft-stated desire to litigate his grievance as state-law claims in state court." *Cabbagestalk v. McFadden*, 2017 WL 1134719, at *1 (D.S.C. Mar. 24, 2017) (concluding that where *pro se* plaintiff disclaimed any attempt to raise a federal claim, his inartful and confused mention of federal laws and principles in his complaint was not "sufficient to require him to litigate in federal court over his objection").

3

In his unopposed Motion to Remand, Chandler unequivocally rejects the notion that his Complaint is based on any federal civil rights, and he explicitly states that the only claims that he is raising are state-law claims of negligence and malpractice. (ECF No. 5, at 1–2.)  In concluding his Motion to Remand, Chandler writes: "I, Derek Chandler, pro se, respectfully ask this Court not to move this non civil rights case to federal court." (*Id.* at 2 (corrected for capitalization).)

Chandler is the master of his complaint, and he is not bound by Defendants' interpretation of it. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–99 (1987).  Most importantly for purposes of this case, Chandler "may, *by eschewing claims based on federal law*, choose to have the cause heard in state court." *Id.* at 399 (emphasis added).  That is especially so where, as here, the state court action was commenced by a lay person acting *pro se*. *Beasley v. Wells Fargo Bank, N.A.*, 2017 WL 512747, at * 2 (E.D. Va. Feb. 7, 2017) (granting *pro se* plaintiff's motion to remand where plaintiff eschewed federal claims); *Cabbagestalk*, 2017 WL 1134719, at *1 (liberally construing *pro se* plaintiff's pleadings to contain only state-law claims where that was his stated intent, despite multiple unnecessary and confusing references to federal law in his complaint).  In this instance, Chandler makes it amply clear that he is "eschewing claims based on federal law." *Caterpillar*, 482 U.S. at 399.

Since Chandler has already filed a federal civil rights action pertaining to these facts, and in light of his stated intent to only allege state-law claims, most plausibly read, Chandler's Motion to Remand demonstrates that he is asserting only state-law claims for negligence and medical malpractice. (ECF No. 5, at 1–2.)  Those claims do not "arise[ ] under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331. The Court therefore lacks subject

4

matter jurisdiction in this case, removal was improper under 28 U.S.C. § 1441, and remand is necessary.  Accordingly, the Motion to Remand will be GRANTED.  (ECF No. 5.)

### III. CONCLUSION

For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction in this instance and that removal was improper under 28 U.S.C. § 1441.  Accordingly, the Motion to Remand will be GRANTED.  (ECF No. 5.)  The matter will be REMANDED to the Circuit Court for further proceedings.  The Clerk will be DIRECTED to transmit copies of all pleadings and records to the Circuit Court and to terminate this action from the Court's docket.

An appropriate order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Chandler and counsel of record.

                             /s/

                            David J. Novak
                            United States District Judge

Richmond, Virginia
Dated:  December 7, 2022