IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

DEREK M. CHANDLER,
    Plaintiff,

v.                                                         Civil No. 3:22cv501 (DJN)

CORIZON HEALTH, *et al.*,
    Defendants.

## MEMORANDUM OPINION

By Memorandum Opinion and Order entered on December 7, 2022, the Court granted Derek M. Chandler's Motion to Remand this action back to state court. *Chandler v. Corizon Health*, No. 3:22CV501 (DJN), 2022 WL 17487731, at *1 (E.D. Va. Dec. 7, 2022). The matter is before the Court on Defendant Jackson's Motion to Reconsider the determination to remand the action to state court. (ECF No. 13.) For the reasons set forth below, the Motion to Reconsider (ECF No. 13) will be DENIED.

### I. PROCEDURAL HISTORY

On February 16, 2022, Chandler, a former resident of the Chesterfield County Jail, filed a federal civil rights action in this Court pursuant to 42 U.S.C. § 1983. Complaint, *Chandler v. Maymard*, No. 3:22cv94 (E.D. Va. Feb. 16, 2022), ECF No. 2. In that action, Chandler alleged, *inter alia*, that Defendants Jackson, Gay and Corizon Health violated his Eighth Amendment[1] rights by denying him adequate medical care following an incident on November 16, 2021, in which he suffered chemical burns to his head, face and neck after a caustic substance spilled on

---

[1]     "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

him while working at the jail. Particularized Complaint, *Chandler v. Maymard*, No. 3:22cv94 (E.D. Va. Aug. 19, 2022), ECF No. 26, at 1, 4.

On May 17, 2022, Chandler filed a separate action in the Chesterfield County Circuit Court ("Circuit Court") involving the same November 16, 2021 incident in which he was burned on his head, face and neck by a caustic substance. (ECF No. 1–2.) However, in his state-court pleadings, Chandler alleged that his claims are based on negligence and medical malpractice. (*Id.* at 2, 7, 11, 12.)

On July 18, 2022, Defendant Jackson removed Chandler's state court action to this Court, claiming that it involved a federal question. (ECF No. 1, at 2.) In support of her position, Defendant Jackson pointed to an attachment to Chandler's Complaint in which he referenced the Eighth Amendment. (*See id.*)

On August 3, 2022, Chandler filed his Motion for Remand, in which he specifically disavowed "suing [the] defendants for civil rights violation in state Circuit C[our]t." (ECF No. 5, at 1.) Chandler asserted that because he has already filed a § 1983 civil rights action in this Court, which was currently pending, and which involved the same facts, removal was "unnecessary." (*Id.* at 2.) Chandler reiterated that the action that he filed in the Circuit Court was based only on theories of negligence and malpractice. (*Id.*)

In granting Chandler's Motion to Remand, the Court stated:

> Removal is governed by 28 U.S.C. § 1441, which provides in relevant part:
> > Except as otherwise provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> 28 U.S.C. § 1441(a).
> "Because removal jurisdiction raises significant federalism concerns," the United States Court of Appeals for the Fourth Circuit has concluded that district

2

courts "must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)). Consequently, "[i]f federal jurisdiction is doubtful, a remand is necessary." *Id.* (citations omitted).

In this instance, jurisdiction is doubtful at best. Although Chandler's state court complaint *could* be read as stating a claim under Federal law, that is not the exclusive, or even the most plausible interpretation of his allegations, and Chandler has since clarified otherwise. *See Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (citations omitted) ("A plaintiff's right to relief for a given claim necessarily depends on a question of federal law only when *every* legal theory supporting the claim requires the resolution of a federal issue.") In the context of removal jurisdiction, the liberal construction that courts are obliged to afford *pro se* pleadings "means respecting Plaintiff's oft-stated desire to litigate his grievance as state-law claims in state court." *Cabbagestalk v. McFadden*, No. 5:16–3745–RMG, 2017 WL 1134719, at *1 (D.S.C. Mar. 24, 2017) (concluding that where *pro se* plaintiff disclaimed any attempt to raise a federal claim, his inartful and confused mention of federal laws and principles in his complaint was not "sufficient to require him to litigate in federal court over his objection").

In his unopposed Motion to Remand, Chandler unequivocally rejects the notion that his Complaint is based on any federal civil rights, and he explicitly states that the only claims that he is raising are state-law claims of negligence and malpractice. (ECF No. 5, at 1–2.) In concluding his Motion to Remand, Chandler writes: "I, Derek Chandler, pro se, respectfully ask this Court not to move this non civil rights case to federal court." (*Id.* at 2 (corrected for capitalization).)

Chandler is the master of his complaint, and he is not bound by the Defendants' interpretation of it. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–99 (1987). Most importantly for purposes of this case, Chandler "may, *by eschewing claims based on federal law*, choose to have the cause heard in state court." *Id.* at 399 (emphasis added). That is especially so where, as here, the state court action was commenced by a lay person acting *pro se*. *Beasley v. Wells Fargo Bank, N.A.*, No 3:16CV940, 2017 WL 512747, at * 2 (E.D. Va. Feb. 7, 2017) (granting *pro se* plaintiff's motion to remand where plaintiff eschewed federal claims); *Cabbagestalk*, 2017 WL 1134719, at *1 (liberally construing *pro se* plaintiff's pleadings to contain only state-law claims where that was his stated intent, despite multiple unnecessary and confusing references to federal law in his complaint). In this instance, Chandler makes it amply clear that he is "eschewing claims based on federal law." *Caterpillar*, 482 U.S. at 398–99.

Since Chandler has already filed a federal civil rights action pertaining to these facts, and in light of his stated intent to only allege state-law claims, most plausibly read, Chandler's Motion to Remand demonstrates that he is asserting only state-law claims for negligence and medical malpractice. (ECF No. 5, at 1–2.) Those claims do not "arise[ ] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Court therefore lacks subject matter jurisdiction in this case, removal was improper under 28 U.S.C. § 1441, and remand is necessary. Accordingly, the Motion to Remand (ECF No. 5) will be GRANTED.

*Chandler v. Corizon Health*, No. 3:22CV501 (DJN), 2022 WL 17487731, at *2–3 (E.D. Va. Dec. 7, 2022) (alterations in original).

## II. ANALYSIS

Defendant Jackson's Motion for Reconsideration is governed by Federal Rule of Civil Procedure 54(b).[2] The power to grant relief under Rule 54(b) "is committed to the discretion of the district court." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983)). Granting a motion for reconsideration generally should be limited to instances such as the following:

> [T]he Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . . [or] a controlling or significant change in the law or facts since the submission of the issue to the Court [has occurred]. Such problems rarely arise and the motion to reconsider should be equally rare.

*Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983); *accord United States v. Smithfield Foods, Inc.*, 969 F. Supp. 975, 977 (E.D. Va. 1997); *see Tully v. Tolley*, 63 F. App'x 108, 113 (4th Cir. 2003) (concluding district court properly denied Rule 54(b) motion where new evidence could have been discovered with due diligence). Reconsideration is also appropriate when "the prior decision was clearly erroneous and would work manifest injustice." *Am. Canoe Ass'n*, 326 F.3d at 515 (quoting *Sejman v. Warner–*

---

[2] The rule states in relevant part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

*Lambert Co.*, 845 F.2d 66, 69 (4th Cir. 1988)). The courts do not entertain motions to reconsider which ask the Court merely to "rethink what the Court had already thought through—rightly or wrongly." *Above the Belt, Inc.*, 99 F.R.D. at 101.

Defendant Jackson does not dispute the Court's prior conclusion that the original complaint in this matter failed to confer subject matter jurisdiction upon this Court. Instead, Defendant Jackson states that the Court can exercise supplemental jurisdiction over Chandler's claims in this action *if* it consolidates the present action with *Chandler v. Maymard*, No. 3:22cv94 (E.D. Va. filed Feb. 16, 2022). Defendant Jackson provides no citation to persuasive authority to support the notion that the Court erred in remanding the matter to state court. Moreover, to the extent Defendant Jackson suggests that supplemental jurisdiction provides a basis for removing this action, she is wrong.

> "[S]upplemental jurisdiction does not create an independent basis for removal to federal court." [*Carpenter v. Brentwood BWI One, LLC*, No. 15-cv-01431-ELH, 2015 WL 3464340, at *3 (D. Md. May 29, 2015)] (citing *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002)); *see also Briddelle v. T & J Foods, Inc.*, 18 F. Supp. 2d 611, 612 (D. Md. 1998) (finding that removal based only on supplemental jurisdiction was improper when the case involved neither diversity of citizenship nor a federal question); *Vick v. Nash Hospitals, Inc.*, 756 F. Supp. 2d 690, 693 (E.D.N.C. 2010) ("An already-existing federal action cannot provide the mechanism for removal of a non-removable state-court action, even if such a removal would be an efficient result.") (internal citations and quotation marks omitted). Even though the two actions sought to be consolidated arise out of the same event, considerations of efficiency are insufficient to confer jurisdiction on this Court.

*See Augustine v. Shooter*, No. 16-CV-3154, 2016 WL 6476288, at *2 (D. Md. Nov. 1, 2016).

Accordingly, Defendant Jackson's Motion for Reconsideration (ECF No. 13) will be DENIED.

5

An appropriate Order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Chandler and counsel of record.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: June 27, 2023